UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| KIMBERLY LLC, | : | |
| Plaintiff, | : | Civil Action No. _____ |
| v. | : | |
| IN2REST, LLC and LEGENDS FURNITURE, INC., | : | |
| Defendants. | : | |

# COMPLAINT

Plaintiff Kimberly LLC, for its Complaint against Defendants In2Rest, LLC and Legends Furniture, Inc., alleges as follows:

1. This is an action for federal trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1041, *et seq*. and for trademark infringement and unfair competition arising under the statutory and common law of the State of New York.

2. Jurisdiction over the parties and the subject matter is proper in this Judicial District pursuant to Section 39 of the Lanham Act, 15 U.S.C. §§ 1121 and 1126 and 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b). Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c).

3. Plaintiff Kimberly LLC is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 124 Davids Hill Road, Bedford Hills, New York 10507.

4. Since 2002, Kimberly LLC, and through its licensee and predecessor in interest, has been and is a leading manufacturer of consumer home and bedding products, including bed

frames, mattresses, pillows, and related bedding goods and services.

5. On information and belief, Defendant In2Rest, LLC is a limited liability company organized under the laws of Arizona, having a principal place of business at 7373 E. Doubletree Ranch Road, Suite 165, Scottsdale, Arizona 85258.

6. On information and belief, Defendant Legends Furniture, Inc. is a corporation organized under the laws of Arizona, having a principal place of business at 10300 W. Buckeye Road, Tolleson, Arizona 85353. On information and belief, Legends Furniture, Inc. also does business as Legends Home.

7. On information and belief, Defendants In2Rest, LLC and Legends Furniture, Inc. are affiliated entities and as such manufacture, advertise, and sell bed frames, mattresses, and pillows throughout the United States, including in the State of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff Kimberly LLC ("Kimberly" or "Plaintiff") is the owner of the trademarks VIBE and GOOD VIBES START HERE for use in connection with sales of bed frames, mattresses, pillows, mattress toppers, mattress foundations, and related goods and services (collectively, the "Kimberly Marks").

9. Kimberly owns U.S. trademark registration number 5,481,768 (the "Registration") for the VIBE mark for "mattresses; mattress toppers; beds; mattress foundation; pillows." A copy of the registration certificate is annexed here as Exhibit A. Kimberly has claimed its Registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1062(c).

10. Kimberly, and through its licensee and predecessor in interest, has been using the VIBE mark continuously and substantially exclusively in U.S. commerce since at least 2017, and

has been using the GOOD VIBES START HERE mark continuously and substantially exclusively in U.S. commerce since at least as early as 2021.

11. Since 2017, Kimberly, and through its licensee and predecessor in interest, has used the VIBE trademark extensively and notoriously for the sale of beds, mattresses, and other bedding products. Sales of VIBE-branded products are substantial to date, and the VIBE mark is widely recognized and favorably entrusted for products of superior quality originating with Kimberly. Likewise, Kimbery has built valuable goodwill in its GOOD VIBES START HERE mark since 2021, through extensive sales of its bedding products in connection with the mark.

12. Kimberly has established a prominent commercial presence online nationwide for the Kimberly Marks through advertisement and promotion of its products on its website at the URL sleeponvibe.com, and through advertisement, promotion, and product sales on national online retail platforms such as Amazon.com, Wayfair.com, and Walmart.com, among others.

13. In January 2024, Plaintiff Kimberly learned that Defendants In2Rest, LLC ("In2Rest") and Legends Furniture, Inc. (collectively, "Defendants") had begun advertising and promoting the sale of beds and mattresses under the designation GOODVIBESLEEP and the logo ((goodvibesleep)) (the "Infringing Marks"). Kimberly also learned that Defendants intended to participate in a trade fair, at which Kimberly was already registered to exhibit, to exhibit and solicit sales of beds and mattresses under the Infringing Marks.

14. Shortly thereafter, in January 2024, Kimberly notified Defendants in writing that the use of the Infringing Marks to advertise, market, or sell bed, mattresses, and pillows is likely to cause consumer and market confusion and demanded that Defendants immediately cease use of the Infringing Marks for these goods.

15. Notwithstanding the notice and demand from Kimberly, Defendants participated in the trade fair and went on to commercially introduce the Infringing Marks for sales of beds, mattresses, and pillows throughout the United States. Defendants initiated these sales, *inter alia*, online via a website at the URL goodvibesleep.com, and on national online retail platforms Amazon.com, Wayfair.com, and Walmart.com, where Kimberly products have long been sold under the Kimberly Marks.

16. In June 2024, Plaintiff Kimberly commenced the opposition proceeding number 91291876 in the United States Patent and Trademark Office ("USPTO") against trademark application number 97/872,642 filed by Defendant In2Rest for the mark GOODVIBESLEEP for the goods "mattresses and pillows" on the grounds that registration of the GOODVIBESLEEP mark creates a likelihood of confusion with the Kimberly Marks (the "Opposition").

17. Following the commencement of the Opposition, in July 2024, Defendant In2Rest filed application number 98/676,836 to register the design mark ((«goodvibesleep»)) in the USPTO based on a claim that In2Rest has used the mark commercially since January 28, 2024 for "mattresses; adjustable bed bases providing audio feedback via at least one speaker and haptic feedback via at least one massaging vibrator."

18. After the Opposition commenced, the parties engaged in settlement discussions during which Plaintiff Kimberly has asserted its prior exclusive rights in the Kimberly Marks, the likelihood of consumer and market confusion caused by Defendants' use of the Infringing Marks, and the demand that Defendants cease their infringing conduct.

19. Settlement discussions between the parties, however, have not been successful. Defendants have refused to cease use of the Infringing Marks and abandon their U.S. trademark

applications for the Infringing Marks.

20. Kimberly therefore has filed this action to protect and enforce the Kimberly Marks and prevent confusion in the U.S. marketplace and on the USPTO Register.

21. As a proximate result of the acts of Defendants alleged herein, Kimberly has been and will be irreparably injured and monetarily damaged. Kimberly has no adequate remedy at law.

## COUNT I
## Trademark Infringement Under 15 U.S.C. § 1114

22. Kimberly repeats and realleges the allegations set forth in paragraphs 1-21, above, as though fully set forth here.

23. Count I is for federal trademark infringement arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24. Kimberly owns the valid and subsisting U.S. trademark registration number 5,481,768 for the VIBE mark.

25. Kimberly owns prior rights in and to the VIBE mark and has priority over Defendants because Kimberly's use of the VIBE mark precedes Defendants' unauthorized use of the confusingly similar Infringing Marks.

26. By the acts alleged above, Defendants have used in interstate commerce in connection with its goods a mark GOODVIBESLEEP and (((goodvibesleep))), likely to deceive, mislead, and confuse relevant consumers and vendors. Such actions constitute trademark infringement in violation of the Lanham Act.

27. As a proximate result of Defendants' intentional and willful acts as alleged herein, Kimberly has suffered and will continue to suffer damage to its business, goodwill, reputation,

and profits, while on information and belief Defendants have profited and will continue to profit from its wrongdoing at the expense of Kimberly and its lawful rights.

28. Kimberly has no adequate remedy at law for the conduct and acts constituting infringement of the Kimberly Mark as alleged herein. Unless Defendants are permanently enjoined by this Court, Kimberly will continue to suffer irreparable harm.

## COUNT II
## Unfair Competition Under 15 U.S.C. § 1125(a).

29. Kimberly repeats and realleges the allegations set forth in paragraphs 1-21, above, as though fully set forth here.

30. Count II is for unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. The Kimberly Marks, VIBE and GOOD VIBES START HERE, as used by Kimberly in connection with bed frames, mattresses, pillows, and related goods and services, are strong and distinctive marks which have additionally gained secondary meaning through their extensive commercial use by Kimberly across the United States for numerous years. As a result of their notorious use, the Kimberly Marks have become associated favorably and exclusively with its products as originating from Kimberly.

32. Kimberly owns prior rights in and to the Kimberly Marks and has priority over Defendants because Kimberly's use of the Kimberly Marks precedes Defendants' unauthorized use of the confusingly similar Infringing Marks.

33. On information and belief, by reason of Defendants' unauthorized, misleading, and willful use of the Infringing Marks constitute trademark infringement, unfair competition, false designation of origin, and false representation affecting interstate commerce in violation of

Section 43(a) of the Lanham Act.

34. As a proximate result of Defendants' intentional and willful acts as alleged herein, Kimberly has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while on information and belief Defendants have profited and will continue to profit from its wrongdoing at the expense of Kimberly and its lawful rights.

35. Kimberly has no adequate remedy at law for the conduct and acts constituting infringement of the Kimberly Marks as alleged herein. Unless Defendants are permanently enjoined by this Court, Kimberly will continue to suffer irreparable harm.

## COUNT III
## Unfair Competition Under New York General Business Law § 360-l

36. Kimberly repeats and realleges the allegations set forth in paragraphs 1-21, above, as though fully set forth here.

37. Count III is for trademark infringement and unfair competition arising under New York General Business Law ("NY GBL") § 360-l.

38. By the acts alleged above, Defendants have engaged in trademark infringement and unfair competition likely to cause injury to the business, reputation, goodwill built and owned by Kimberly by virtue of its use and investment in the Kimbelry Marks.

39. Kimberly owns valid common law trademark rights in and to the Kimberly Marks in the State of New York. The Kimberly Marks, VIBE and GOOD VIBES START HERE, as used by Kimberly in connection with bed frames, mattresses, pillows, and related goods and services, are strong and distinctive marks which have additionally gained secondary meaning through their extensive commercial use by Kimberly in the State of New York for numerous years. As a result of their notorious use, the Kimberly Marks have become associated favorably

and exclusively with its products as originating from Kimberly. The Kimberly Marks have accrued substantial goodwill and reputational value.

40. As alleged herein, Defendants' conduct is likely to impair the favorable reputation Kimberly has built in the Kimberly Marks and likely to dilute the distinctive commercial value in the Kimberly Marks in violation of NY GBL § 360-l.

41. Defendants' conduct and acts have been willful and have injured Kimberly, and unless restrained will continue to cause irreparable injury to Kimberly, including damage to reputation and goodwill, in an amount to be determined at trial. Kimberly has no adequate remedy at law.

## COUNT IV
## Unfair Competition Under New York General Business Law § 360-o

42. Kimberly repeats and realleges the allegations set forth in paragraphs 1-21, above, as though fully set forth here.

43. Count IV is for trademark infringement and unfair competition arising under New York General Business Law ("NY GBL") § 360-o.

44. By the acts alleged above, Defendants have engaged in trademark infringement and unfair competition likely to cause injury to the business, reputation, goodwill built and owned by Kimberly by virtue of its use and investment in the Kimbelry Marks.

45. Kimberly owns valid common law trademark rights in and to the Kimberly Marks in the State of New York. The Kimberly Marks, VIBE and GOOD VIBES START HERE, as used by Kimberly in connection with bed frames, mattresses, pillows, and related goods and services are strong and distinctive marks which have additionally gained secondary meaning through their extensive commercial use by Kimberly in the State of New York for numerous

years. As a result of their notorious use, the Kimberly Marks have become associated favorably and exclusively with its products as originating from Kimberly. The Kimberly Marks have accrued substantial goodwill and reputational value.

46. By adopting and using the confusingly similar Infringing Marks as alleged herein, Defendants are misappropriating the goodwill associated with the Kimberly Marks and belonging to Kimberly in violation of NY GBL § 360-o.

47. Defendants' conduct and acts have been willful and have injured Kimberly, and unless restrained will continue to cause irreparable injury to Kimberly, including damage to reputation and goodwill, in an amount to be determined at trial. Kimberly has no adequate remedy at law

## COUNT V
## Unfair Competition Under New York Common Law

48. Kimberly repeats and realleges the allegations set forth in paragraphs 1-21, above, as though fully set forth here.

49. Count V is for unfair competition arising under the common law of the State of New York.

50. Kimberly owns valid common law trademark rights in and to the Kimberly Marks in the State of New York. The Kimberly Marks, VIBE and GOOD VIBES START HERE, as used by Kimberly in connection with bed frames, mattresses, pillows, and related goods and services are strong and distinctive marks which have additionally gained secondary meaning through their extensive commercial use by Kimberly in the State of New York for numerous years. As a result of their notorious use, the Kimberly Marks have become associated favorably and exclusively with its products as originating from Kimberly. The Kimberly Marks have

accrued substantial goodwill and reputational value.

51. As alleged herein, the conduct of Defendants is likely to deceive consumers and vendors in the State of New York into believing falsely that Defendants' business and/or services emanate from Kimberly and/or that there is an association or endorsement between Kimberly and Defendants. Therefore, Defendants have unfairly competed with Kimberly in violation of the New York common law by advertising, promoting, and selling goods in connection with the Infringing Marks and trading on and misappropriating the goodwill and reputation of the Kimberly Marks.

52. As a proximate result of Defendants' intentional and willful acts as alleged herein, Kimberly has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while on information and belief Defendants have profited and will continue to profit from its wrongdoing at the expense of Kimberly and its lawful rights.

53. Kimberly has no adequate remedy at law for the conduct and acts constituting infringement of the Kimberly Marks as alleged herein. Unless Defendants are permanently enjoined by this Court, Kimberly will continue to suffer irreparable harm.

## COUNT VI
## Trademark Infringement Under New York Common Law

54. Kimberly repeats and realleges the allegations set forth in paragraphs 1-21, above, as though fully set forth here.

55. Count IV is for trademark infringement arising under the common law of the State of New York.

56. Kimberly owns valid common law trademark rights in and to the Kimberly Marks in the State of New York. The Kimberly Marks, VIBE and GOOD VIBES START HERE, as

used by Kimberly in connection with bed frames, mattresses, pillows, and related goods and services are strong and distinctive marks which have additionally gained secondary meaning through their extensive commercial use by Kimberly in the State of New York for numerous years. As a result of their notorious use, the Kimberly Marks have become associated favorably and exclusively with its products as originating from Kimberly. The Kimberly Marks have accrued substantial goodwill and reputational value

57. Defendants have wrongfully used the Infringing Marks, as alleged herein, with disregard for Kimberly's rights, business, and the valuable goodwill and reputation Kimberly has built in the Kimerly Marks. As a result of such unlawful acts, Defendants is causing confusion among consumers and vendors as to the origin of Defendants' goods and services and misleading consumers and vendors as to a relationship, connection, association, or endorsement between Kimberly and Defendants, all in violation of the common law concerning the protection of trademarks in the State of New York.

58. Further, Defendants have used the Infringing Marks in a manner that misappropriates and trades off the valuable goodwill and reputation of Kimberly and the Kimberly Marks, and have and will derive unlawful gains, profits, and advantages from its infringement.

59. As a proximate result of Defendants' intentional and willful acts as alleged herein, Kimberly has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while on information and belief Defendants have profited and will continue to profit from its wrongdoing at the expense of Kimberly and its lawful rights.

60. Kimberly has no adequate remedy at law for the conduct and acts constituting infringement of the Kimberly Marks as alleged herein. Unless Defendants are permanently

enjoined by this Court, Kimberly will continue to suffer irreparable harm.

**WHEREFORE**, Plaintiff demands judgment and relief against Defendants, as follows:

- A. Finding that Defendants unlawfully infringed the Kimberly Marks and has engaged in acts of unfair competition;

- B. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them from (i) any and all use of the Infringing Marks GOODVIBESLEEP and ((«goodvibesleep»)), or any variants thereof; and (ii) using any other name or mark owned by Kimberly in a manner which is likely to cause confusion as to the source of Defendants' business.

- C. Awarding damages to Kimberly in an amount to be determined at trial, including for damage to Kimberly's business reputation and goodwill and all other damages arising out of Defendants' acts of trademark infringement and unfair competition under 15 U.S.C. § 1117 and NY GBL § 360-m (1);

- D. Entering an award of three times the amount of Kimberly's damage award and awarding Kimberly its reasonable attorneys' fees and expenses, under 35 U.S.C. §§ 284 and 285, 15 U.S.C. § 1117, and NY GBL § 360-m (1);

- E. Ordering destruction of all infringing materials pursuant to 15 U.S.C. § 1118; and

F.    Granting such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff Kimberly LLC requests a trial by jury in this matter.

Dated: November 11, 2024

Respectfully submitted,

MINTZ & GOLD LLP

By: _____
Kevin M. Brown
600 Third Avenue, 25th Floor
New York, New York 10016
Tel: (212) 696-4848
Fax: (212) 696-1231
brown@mintzandgold.com

WISSING MILLER LLP
M.J. Williams
Wendy E. Miller
31 Hudson Yards, 11th Floor
New York, NY 10001
Tel: (212) 624-5153
mjwilliams@wissingmiller.com
wmiller@wissingmiller.com

*Attorneys for Kimberly LLC*

-13-